# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:18-cv-160 |
| | ) | |
| v. | ) | |
| | ) | |
| JAY WINEINGER, in his individual and official capacity, the COUNTY OF DOUGLAS, NEBRASKA, ROBERT LANEY, in his individual and official capacity, ANTHONY FRIEND, in his individual and official capacity, and the CITY OF OMAHA, NEBRASKA, | ) ) ) ) ) ) ) ) | **QUALIFIED HIPAA AND CONFIDENTIALITY PROTECTIVE ORDER** |
| Defendants. | ) | |

This matter came before the Court pursuant to Fed. R. Civ. P. 26(c), upon a stipulated (unopposed) motion for a Protective Order relating to documents responsive to the disclosures and discovery responses of the parties. (Filing No. 57). The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit confidential discovery material of the parties, non-parties, and third parties to other parties, non-parties, and third parties. This Protective Order applies to all discovery material produced during discovery in this case that is confidential.

For the purposes of this Protective Order, confidential discovery material shall include:

1. Personnel data of the parties or their employees and agents, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; internal affairs and related employee

misconduct investigation files; and employment counseling, discipline, or performance improvement documentation;

2. Records restricted or prohibited from disclosure by statutes related to Nebraska's Merit System (Neb. Rev. Stat. § 23-1721 *et seq.*);

3. Records restricted or prohibited from disclosure by statutes related to the Health Insurance Portability and Accountability Act of 1996 and the Standards for Privacy of Individually Identifiable Health Information;

4. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential discovery material.

The producing party shall affix a "CONFIDENTIAL" designation to any of the above described material produced in this action, on each that contains protected material. If it is not feasible to label confidential material as "CONFIDENTIAL," the producing party shall indicate via cover letter or otherwise at the time of production that the material being produced is "CONFIDENTIAL."

A producing party that inadvertently fails to properly affix a "CONFIDENTIAL" designation to confidential discovery material shall have 20 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every receiving party. Any receiving party notified of such error shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" designation.

No document containing the "CONFIDENTIAL" stamp shall be produced or copied in whole or in part without the "CONFIDENTIAL" stamp appearing on the production or the copy.

All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain material designated as "CONFIDENTIAL" shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents.

The parties shall not use or disclose any confidential discovery material released in this action for any other purpose or in any other proceeding.

Before disclosing any confidential discovery material to any persons involved in the litigation, including but not limited to parties, counsel, co-counsel, counsel's staff, witnesses (and, if applicable, witnesses' counsel) or expert or consulting expert witnesses retained in connection with this action, counsel will be responsible for informing each such person that the material is confidential, must be held in confidence, may be used solely for the purpose of preparing for this litigation, and that these restrictions are imposed by a court order, and counsel shall provide any such person with a copy of this Protective Order.

Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

At the termination of this action, the parties shall return all confidential discovery material to the attorney representing the party who produced it, and/or dispose of any confidential discovery material retained thereafter.

This Protective Order may be modified by further written stipulation signed by the parties with approval of this Court or by further order of this Court upon application to the Court with notice.

The Court may impose sanctions with respect to any person or entity improperly granting access to confidential discovery material subject to this Protective Order.

IT IS SO ORDERED, this 11th day of October, 2019.

BY THE COURT

_____
U.S. Magistrate Judge