IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOUGLAS FRAZIER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF DOUGLAS, NEBRASKA, and JAY WINEINGER, in his individual and official capacity;<br><br>Defendants. | 8:18CV160<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendants' motion in limine, Filing No. 106; plaintiff's motion in limine, Filing No. 108; and defendant's motion to bifurcate, Filing No. 119.[1] The defendants also filed a motion to reconsider, Filing No. 141, this Court's Memorandum and Order, Filing No. 137.

## Filing No. 106

Defendants ask the Court to preclude any evidence regarding:

1. Pre-November 4, 2015, uses of force by Wineinger's K-9 Team for which there has been no determination by this Court (or any other body) that the conduct rose to the level of violating the Fourth Amendment;

---

[1] For a recitation of facts, see this Court's Memorandum and Order, Filing No. 137 at 1-7.

1

2. Subsequent instances of K-9 engagements after November 4, 2015, that could not constitute part of a pattern or practice of constitutional violations of which Douglas County could have been on notice of or deliberately indifferent to on November 4, 2015;

3. Cross-deputized Deputy Eben Jones's emails with DCSO supervisors Lt. Shawn Millikan, Lt. Ed Leahy, and Sgt. Brian Parizek regarding photographs of Plaintiff's injuries, including any commentary therein; and

4. Special Deputy U.S. Marshals, including Deputy Eben Jones, showing photographs of Plaintiff's injuries to other law enforcement officers or any evidence of other law enforcement officers keeping pictures of injured suspects as "trophies."

Filing No. 106 at 1. The Court has reviewed each of these requests. With regard to the first two parts of defendants' motion, plaintiff contends that the evidence is clearly admissible to establish *Monell* claims as the evidence supports the theory of the unofficial custom of Douglas County, including knowledge, acceptance and approval of Wineinger's actions by his chain of command. Defendants disagree and argue any evidence on this issue is irrelevant and compromises the Fed. R. Evid. 404(b) prohibitions against character evidence.

With regard to the emails, defendants argue they are inadmissible because they are prejudicial and not relevant. Evidence is "not unfairly prejudicial merely because it hurts a party's case." *United States v. Emeron Taken Alive*, 262 F.3d 711, 714 (8th Cir. 2001). Plaintiff, however, contends that these emails are evidence of deliberate indifference, unofficial custom, and negligent failure to train, supervise and discipline with

regard to excessive force. Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981), aff'd sub nom. *Smith v. Wade*, 461 U.S. 30, 103 (1983).

The Court will deny the motion in limine on all issues at this time. The Court would like the opportunity to hear the evidence as it is introduced at trial. The defendants are free at that time to again raise these issues, and the Court will consider them at that time.

### Filing No. 108

Plaintiff moves to preclude the defendants from eliciting any testimony or utilizing documents or exhibits regarding:

1) Criminal, civil or traffic matters involving the Plaintiff, except for crimes of dishonesty and felony convictions or end of imprisonment for felonies within 10 years of trial.

2) Any allegation that a verdict for the Plaintiff would result in financial hardship on the Defendants and/or that it would result in a tax increase or have other adverse financial implications to Douglas County residents or residents of the State of Nebraska.

3) Any allegation that the medical bills incurred by Plaintiff for injuries sustained in the November 4, 2015 dog attack were paid by a third-party or forgiven by the medical providers.

4) Any allegation that Plaintiff possessed a firearm on or before the November 4, 2005 dog attack.

5) Any reference to any other jury verdicts.

6) Any racially derogatory statements or remarks made by Plaintiff during his incarceration after his November 4, 2015 arrest.

Plaintiff contends that none of these issues are relevant to the matters in this case, and they would be unfairly prejudicial as well as lack any probative value. Defendants oppose parts of this motion. The Court finds with regard to the other crimes, to the extent that the officers knew of plaintiff's warrants and arrests which played a reasonable part in the decision making by the officers to use force, the Court is likely to find such information is relevant. Such information is generally shared with on the scene law enforcement, at least with regard to felony warrants, prior arrests for drugs or violence, and resisting arrest. The Court believes this information is relevant to the amount of force used in this case under Fed. R. Evid. 401-403, and arguably under 404(b). Anything other convictions or law enforcement encounters will likely be excluded. Other than those law enforcement contacts outline by the court above must be vetted by the court outside the presence of the jury.

Defendants do not object to the exclusion regarding financial hardship or tax increases. Accordingly, the Court will grant that part of the motion. However, such evidence might be relevant to the adequacy of the staffing and training budgets of Douglas County. The Court will await a determination on that issue until it hears the evidence at trial.

4

As to the third party payments for the plaintiff's related medical expenses, defendants wish to use this evidence in the event plaintiff brings up his own financial status at trial. The Court will grant the plaintiff's motion relating to third party payments unless the plaintiff opens the door to this kind of evidence and testimony which specifically relates to medical expenses. In such event the Court will consider the context of the evidence and make a determination at that time.

With regard to the firearm testimony, defendants contend that this is relevant to whether their actions were objectively reasonable. The defendants state "[a]t trial, it will be determined whether Wineinger's actions were objectively reasonable by looking at the severity of the crime at issue, whether Plaintiff posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest." Filing No. 125 at 8. The plaintiff argues that this information is prejudicial and not relevant. The Court is of the opinion that this testimony is relevant to the excessive force claim in terms of the possible severity of the plaintiff's crimes and the threat posed to the officers at the scene.

With regard to other jury verdicts, defendants agree they will not use jury verdicts for the purposes of demonstrating damages awarded in other cases.

As to the exclusion of racially derogatory statements made by plaintiff during his incarceration after his November 4, 2015 arrest, plaintiff moves to limit this testimony as irrelevant. Defendants argue, however, that plaintiff will offer evidence about bullying experiences in jail as a result of his facial injuries. However, defendants argue that his use of racist language in jail is likely why he was bullied. Defendants want to use that language if plaintiff opens the topic of bullying while in jail. The Court agrees with the

5

defendants. If the plaintiff offers evidence that he was bullied as a result of his facial injuries at the hands of the defendants, the defendants can likewise argue an alternative reason, provided there is evidence to support that claim.

### Filing No. 119

Defendants move to bifurcate the trial of plaintiff's claims against Douglas County after trial of all other claims against Wineinger in his individual capacity.[2]

### Filing No. 141, motion to reconsider

Defendants contend that since the Court determined that defendant Wineinger, in his individual capacity, should be dismissed for the lawsuit under the objective reasonableness standard of *Graham v. Connor*, 490 U.S. 386 (1989), then the claims against Douglas County must likewise be dismissed.

Plaintiff disagrees and argues that defendants fail to show that the Memorandum and Order is clearly or manifestly erroneous. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). There are many facts, as outlined in the Memorandum and Order, argues plaintiff, that are disputed and must be decided by a jury against the County and Wineinger in his official capacity.

The plaintiff is correct that the Court did not determine whether Wineinger had violated plaintiff's constitutional rights in his official capacity. The Court agrees that a jury must make the determination under 42 U.S.C. § 1983 as to the alleged violation of plaintiff's constitutional rights.

---

[2] After this motion was filed, the Court dismissed defendant Wineinger in his individual capacity from this lawsuit. Thus, this motion is moot as to this issue.

**THEREFORE, IT IS ORDERED THAT:**

1. Defendants' motion in limine, Filing No. 106, is denied and subject to reassertion at trial as set forth herein;

2. Defendants' motion in limine, Filing No. 108, is granted in part and denied in part as set forth herein;

3. Defendants' motion to bifurcate, Filing No. 119, is denied as moot; and

4. Defendants' motion to reconsider, Filing No. 141, is denied.

Dated this 22nd day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge